02D03-1808-CT-000444

**Allen Superior Court 3**

Filed: 8/6/2018 12:55 PM
Clerk
Allen County, Indiana
BU

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

SYDNEY WILDER,                )
                             )
        Plaintiff,            )
                             )
    v.                       )
                             )
CITY OF FORT WAYNE,          )
                             )
        Defendant.           )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. Plaintiff is Sydney Wilder, a qualified employee of the Defendant at all material times to this Complaint.   Plaintiff alleges she was discriminated against and terminated on the basis of her sex (female) in violation of her federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Defendant City of Fort Wayne is a municipality in the State of Indiana.   The City of Fort Wayne operates Water Pollution Control Plant located at 2601 Dwenger Avenue, Fort Wayne, Indiana 46803, where Plaintiff was employed.   Defendant is an "employer" for the purposes of Title VII.

3. Plaintiff filed a Charge of Discrimination with the EEOC on or about August 29, 2017, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on or about May 9, 2018, a copy of which is attached hereto and made a part hereof as "Ex. B."   All jurisdictional prerequisites have been met and all administrative remedies have been exhausted for the.

–1–



EXHIBIT
A

filing of this lawsuit.

4.   Plaintiff worked at the Water Pollution Control Plant ("the Plant") from November 2009 until her wrongful termination on or about July 26, 2017.   At the time of separation from employment Plaintiff's job title was "Chemical Analyst."   Plaintiff was one of only two females hired into the Plant since 2010 when Brian Robinson was hired as Superintendent. All other females working in the plant were hired by the previous Superintendent, and all females who have left employment since 2010 have been replaced by males.

5.   Plaintiff contends that she has been subjected to multiple instances of sex discrimination in that:

   a.   In 2012, Plaintiff applied for an internal transfer to the Maintenance department.   The only requirement was a GED, and as an internal applicant the company had to consider her first for the position.   No female had ever held a position in maintenance before, and despite being qualified for the position, she was required to take the "External Candidate Maintenance Exam" for the position.   She was asked why she thought she was qualified.   She was the first internal transfer applicant to ever have to take the external exam—which she passed. She was ultimately awarded the position, but had to jump through more hoops than any male internal transfer applicant ever had to.

   b.   Plaintiff was the only employee not allowed to eat in the lunchroom; in 2015 she was told she had to remain in the lab with no explanation.

   c.   In May 2017 Plaintiff and another male employee forgot to sign off on their electronic time cards.   Chris Gach notified both by telephone that they had forgot to sign off. Two days later Gach came into Plaintiff's work area and made an announcement that

employees will only get one warning (for forgetting to sign off) before they begin the points/step process.   Gach looked at Plaintiff, and in front of everyone, said "Sydney, this is your warning."   Gach did not address the male employee who had committed the same oversight.

6.  The disparate treatment of females, and particularly of Plaintiff, culminated when Plaintiff was terminated for misunderstanding the company policy regarding jury duty.   Plaintiff was called for jury duty, and notified Defendant accordingly.   The day of the jury duty, June 9, 2017, Plaintiff learned that her jury duty had been cancelled.   She had went to the courthouse, but in the parking lot read the email regarding the cancellation.   She then went home.

7.  She reported for work the next day, and learned that according to company policy she was supposed to return to work after learning of the cancellation.   When she communicated her misunderstanding of the policy the day off was converted, by "Trish" in Human Resources at the direction of Erika Wallace, to a personal day because Plaintiff had submitted a request in writing for the day off, and had called the night before to confirm that she would not be at work the day the jury duty was scheduled.

8.  On July 17, 2017, Plaintiff was notified that she was being terminated, subject to a pre-deprivation hearing, for alleged "dishonesty," "falsification" of her timecard, and violation of policy (Policy 707), all in regard to the day she had taken off work for jury duty.

9.  Plaintiff contends that the allegations of dishonesty and falsification of her timecard are false and pretextual, and that she was subject to disparate treatment with regard to the inadvertent policy violation.   A similarly situated male co-worker who violated policy 707

–3–

was not subject to discipline or termination as Plaintiff was, and the progressive disciplinary procedure with regard to the policy violation was not followed as it pertained to her.

10. The Defendant's discriminatory actions were the direct and proximate cause of Plaintiff being subjected to the loss of her job and job related benefits, such as income, and subjected her to emotional distress, humiliation, embarrassment, and other damages and injuries. Plaintiff seeks compensatory damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:    jhitchcock@myers-law.com
Attorney for Plaintiff